**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | |
|---|---|
| ANTHONY ORTIZ, | )   CASE NO. 1:19-CV-01332-DCN |
| | ) |
| Plaintiff, | )   JUDGE DONALD C. NUGENT |
| | )   UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | )   MAGISTRATE JUDGE |
| WARDEN WANDA JACKSON, | )   CARMEN E. HENDERSON |
| | ) |
| | )   **REPORT AND RECOMMENDATION** |
| Defendant, | ) |

## I.      Introduction

Petitioner, Anthony Ortiz, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Ortiz is an Ohio inmate currently serving an eighteen-year sentence for rape and attempted rape. Ortiz asserts two grounds for relief. (ECF Nos. 1, 12). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Ortiz's petition and other case-dispositive motions. Because Ortiz's claims are either meritless, not cognizable, or procedurally defaulted, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.      Relevant State Procedural History

### A.      Indictment

On October 14, 2015, Ortiz was indicted for:

> Five Counts of Rape in violation of Ohio Rev. Code §
> 2907.02(A)(2), a first-degree felony, with a sexually violent
> predator specification
>
> Two Counts of Rape in violation of Ohio Rev. Code §
> 2907.02(A)(1)(c), a first-degree felony, with a sexually violent
> predator specification
>
> Two Counts of Kidnapping in violation of Ohio Rev. Code §
> 2905.01(A)(4), a first-degree felony, with sexual motivation and
> sexually violent predator specifications

(ECF No. 11-1, PageID #: 83–87). The Counts involved two different victims. (ECF No. 11-1, PageID #: 83–87).

### B.     Guilty Plea and Motions to Disqualify Trial Attorney

On March 18, 2016, Ortiz filed a pro se motion to disqualify his trial attorneys because they had a "conflict of interest." (ECF No. 11-1, PageID #: 143). He argued that his attorneys failed to file motions he wanted to file and failed to give him copies of the bill of particulars and other evidence he requested. (ECF No. 11-1, PageID #: 143). The trial court agreed to have a hearing due to the nature of the motion but warned Ortiz that it would no longer consider pro se motions as he was represented by counsel. (ECF No. 11-2, PageID #: 385). After listening to Ortiz and his attorneys, the trial court denied the motion. (ECF No. 11-2, PageID #: 384).

On April 25, 2016, the State presented the court with a negotiated plea deal. (ECF No. 11-1, PageID #: 149). The State amended Count one to attempted rape and dropped the sexual violent predator specification and amended Count five—Rape—by dropping the sexual violent predator specification. (ECF No. 11-1, PageID #: 149). All other counts were dropped. (ECF No. 11-1, PageID #: 149). The Court fully advised Ortiz of his Constitutional rights and penalties. (ECF No. 11-2, PageID #: 399–405). Ortiz pled guilty to both counts. (ECF No. 11-1, PageID #: 149).

Before sentencing, on May 31, 2016, Ortiz again moved pro se to disqualify his trial counsel due to a conflict of interest. (ECF No. 11-1, PageID #: 150). He stated that he had little contact with his attorneys, they told him to plea, and they did not contact the witnesses he asked them to contact. (ECF No. 11-1, PageID #: 151). The trial court denied the motion. (ECF No. 11-2, PageID #: 412). Ortiz also orally moved pro se to withdraw his guilty plea. (ECF No. 11-2, PageID #: 413). The court denied his motion. (ECF No. 11-2, PageID #: 412). Ortiz stated that he had witnesses that would say he did not commit the rapes. (ECF No. 11-2, PageID #: 412–13). The court stated that Ortiz could get an affidavit from the witnesses and have his attorneys file the proper motions and the court would consider it at that time. (ECF No. 11-2, PageID #: 412).

On June 7, 2016, the trial court sentenced Ortiz to 8 years for the attempted rape and 10 years for the rape to be served consecutively. (ECF No. 11-1, PageID #: 154). The court also determined that Ortiz was a habitual sex offender as defined in Ohio Rev. Code § 2950.01(B), requiring address registration and verification annually for 20 years. (ECF No. 11-1, PageID #: 154).

### C.      Direct Appeal

On appeal, represented by new counsel, Ortiz raised four assignments of error:

> 1. The trial court erred when it failed to meaningfully consider Mr. Ortiz's motion to withdraw his guilty plea.

> 2. Mr. Ortiz's right to counsel was violated during the court's consideration of his motion to withdraw his guilty plea.

> 3. The trial court erred when it imposed the full costs of prosecution in Mr. Ortiz's sentencing entry, but not during his sentencing.

> 4. The trial court erred when it imposed a fine without giving Mr. Ortiz notice at his sentencing hearing.

(ECF No. 11-1, PageID #: 224–25). On August 31, 2017, the Eighth District Court of Appeals of Ohio affirmed Ortiz's convictions and sentence. *Ohio v. Ortiz*, No. 104689, 2017 WL 3775362, at *5 (Ohio Ct. App. Aug. 31, 2017). However, the appellate court concluded that the trial made a typographical error when it ordered Ortiz to pay a fine. *Id.* The trial "court ordered Ortiz to pay $500 in court costs. The court did not order Ortiz to pay a fine." *Id.* Therefore, the appellate court remanded the case "for the limited purpose of issuing a nunc pro tunc entry regarding court costs and fines and allowing Ortiz to seek waiver of court costs." *Id.*

On September 11, 2017, Ortiz filed a motion to certify a conflict. (ECF No. 11-1, PageID #: 294). The motion was denied. (ECF No. 11-1, PageID #: 340).

**D.      Appeal to the Ohio Supreme Court**

On October 16, 2017, Ortiz timely filed a notice of appeal in the Ohio Supreme Court. (ECF No. 11-1, PageID #: 341). Ortiz's memorandum in support of jurisdiction raised the following proposition of law:

> When counsel's performance is the basis for a defendant's motion to withdraw his guilty plea, counsel cannot effectively represent the defendant in a proceeding related to that motion. Sixth Amendment to the U.S. Constitution; Ohio Constitution Article I, Section 10, *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L.Ed.2d 657 (1984).

(ECF No. 11-1, PageID #: 350). On March 14, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 11-1, PageID #: 364).

**III.     Federal Habeas Corpus Proceedings**

On June 4, 2019, Ortiz petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Ortiz asserted one ground for relief:

> **Ground One:** When counsel's performance is the basis for a defendant's motion to withdraw his guilty plea, counsel cannot effectively represent the defendant in a proceeding related to that

motion. Sixth Amendment to the U.S. Constitution; Ohio Constitution Article I, Section 10, *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L.Ed.2d 657 (1984)

      **Supporting Facts:** Counsel is presumed ineffective when she has a conflict of interest. When counsel's deficient performance is the basis of a defendant's motion to withdraw his guilty plea, counsel cannot represent the defendant in a proceeding related to that motion. The Eighth district's interpretation of effective assistance is unsound and unsupportable. Mr. Ortiz is owed a hearing on his motion to withdraw his guilty plea he is represented by unconflicted counsel.

(ECF No. 1). In his traverse, Ortiz added an additional ground for relief:

The trial court erred when it failed to meaningfully consider Mr. Ortiz's motion to withdraw his guilty plea. Sixth Amendment to the United States Constitution; Ohio Constitution, Article I, Section 10; Criminal Rule 32.1, Tr. 7-8, 38, 40-45, 48, 50-54.

(ECF No. 12).

## IV.    Legal Standards

### A.    Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Court of Common Pleas sentenced Ortiz, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Ortiz's § 2254 petition.

### B.    Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates*

*v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

**C.     AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal

claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.* (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts"

under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

V.   **Discussion**

A.   **Ground One: Ineffective Assistance of Counsel**

In his first ground for relief, Ortiz argues that his two attorneys could not effectively represent him in his motion to withdraw his guilty plea because it was their performance that was the basis for his motion. He stated that for his counsel to properly represent him they would have

had to admit they failed to adequately represent his case, creating an actual conflict in their representation. Ortiz presented this argument to the appellate court. The appellate court dismissed this claim, reasoning:

> Turning to Ortiz's second assigned error, that his right to counsel was violated in relation to his motion to withdraw guilty plea, Ortiz argues that "[w]hen counsel's deficient performance is the basis for a defendant's motion to withdraw his guilty plea, counsel cannot represent the defendant in a proceeding relating to that motion."

> This court faced a somewhat similar situation in *State v. Drake*, 8th Dist. Cuyahoga No. 93761, 2010–Ohio–1065. In *Drake*, the court held that counsel is prejudicially ineffective when he or she "fails to act on [the defendant's] request to withdraw his plea when the possibility that he would have been allowed to withdraw his plea is not insubstantial." *Drake* at ¶ 11, citing *State v. Strutton*, 62 Ohio App.3d 248, 252, 575 N.E.2d 466 (2d Dist.1998). In simpler terms, Ortiz's argument that his right to counsel was violated will not succeed if he fails to set forth a reasonable or legitimate basis for the withdrawal of his plea.

> In *State v. Oliver*, 9th Dist. Summit No. 26446, 2013–Ohio–1977, the court put defense counsel on the witness stand during the defendant's hearing on his motion to withdraw guilty plea. During his testimony, defense counsel refuted the defendant's allegations "that his attorney would not answer his questions or allow him to speak, that his attorney ridiculed him, called him names, and coerced him into taking the plea." The court found that, "[a]t this point, there was a clear 'breakdown of the adversarial process' because [the defendant's] attorney testified directly and indisputably against the interests of his client, and [the defendant] did not have the opportunity for cross-examination." *Id.*

> In *State v. McClelland,* 9th Dist. Summit No. 27851, 2016–Ohio–3436, ¶ 11, the defendant filed a motion to withdraw his guilty plea, alleging that "his lawyer failed to file any of the motions he thought his lawyer would be filing on his behalf." The court held a hearing at which "it instructed [the defendant's] lawyer to describe his representation of [the defendant] in order to make a 'full record' about the allegations" in the defendant's motion to withdraw guilty plea. *Id.* Defense counsel stated to the court that "[a]t no time did [the defendant] ask me to file any motions or about any motions that he would ask me to file."

The *McClelland* court applied *Oliver* and concluded "that the trial court deprived [defendant] of his right to counsel when it put his lawyer in a situation where the lawyer had to testify against his client's interests when ruling on [defendant's] motion to withdraw plea." The court held that no showing of prejudice was required and remanded the matter to the trial court "for a new hearing on [defendant's] motion to withdraw his guilty plea with new counsel * * *." *Id.* at ¶ 11.

We find the instant case to be distinguishable from *Oliver* and *McClelland*. The court did not put Ortiz's attorney on the witness stand to testify, nor did it "instruct" defense counsel to make a statement that contradicted her client. Despite not recognizing hybrid representation, the court gave Ortiz the benefit of the doubt and heard his arguments regarding why he wanted to withdraw his plea. According to Ortiz, he has "witnesses to the rapes" who would testify that he "didn't do it," but "in these cases there was no investigation at all." However, Ortiz contradicted himself by stating that he spoke with the private investigator from the public defender's office who was working on his case. In response, defense counsel stated that the investigator from her office "has contacted people in this case that were relevant and significant" and the investigator taped these conversations. Additionally, defense counsel recognized that Ortiz "would like for [us] to be disqualified" and that "given the seriousness of this, it might be best for all of the proceedings for the judicial system, for * * * Ortiz himself, for the Court, if he were happier with [other] counsel."

Thus, we cannot say that counsel was "left with no choice but to actively represent conflicting interests." *See State v. Sanders*, 91 Ohio St.3d 245, 277, 750 N.E.2d 90 (2001). Because prejudice is not presumed in this case, we must examine whether Ortiz suffered prejudice as a result of his counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Despite Ortiz's claim of innocence, testing of the sperm found in both victims' rape kits was consistent with Ortiz's DNA. Furthermore, as part of his guilty plea, the state dismissed seven sex-related felonies against Ortiz, along with the sexually violent predator specifications, thus reducing Ortiz's maximum potential prison sentence from multiple life terms to 18 years. Therefore, defense counsel obtained a reasonable plea bargain for Ortiz.

Upon review, we find that the court held a hearing on Ortiz's motion and gave full and fair consideration to Ortiz's request. Furthermore, we find nothing in the record to show that the court abused its

> discretion by denying Ortiz's pro se oral motion to withdraw his guilty plea when he was represented by counsel and the court had previously told him that hybrid representation was not recognized. Additionally, we find that Ortiz failed to offer a reasonable or legitimate basis to withdraw his plea; therefore, he cannot show that he was prejudiced by his counsel's performance. Accordingly, Ortiz's first and second assigned errors are overruled.

*Ohio v. Ortiz*, 2017 WL 3775362, at *3–4 (Ohio Ct. App. Aug. 31, 2017) (alterations in original). The Court concludes that the appellate court's decision was a reasonable application of Supreme Court precedent.

To prevail on an ineffective assistance of counsel claim, the petitioner must meet the two-part *Strickland* test. First, the petitioner must demonstrate that, considering all the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In so doing, the petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* at 692. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, prejudice can be presumed "when counsel is burdened by an actual conflict." *Id.* at 692.

Ortiz argues that the appellate court erred by not concluding that there was a presumption of prejudice because his counsel actively represented conflicting interests. However, Ortiz has not explained how the Ohio Court of Appeals unreasonably applied Supreme Court precedent. Indeed, Ortiz cannot rely on Supreme Court precedent because it has not addressed the precise issue presented in this case. While the Supreme Court has stated that prejudice may be presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual

conflict of interest adversely affected his lawyer's performance,'" *Id.* (citations omitted), it has not addressed whether that standard applies in these particular circumstances. In fact, in similar circumstances, federal courts have recognized that that the Supreme Court

> has never specifically addressed a claim such as the one before us, nor has it stated how such a claim should be analyzed, i.e., as a claim that petitioner was denied his right to counsel because he was effectively unrepresented on his motion to withdraw his plea . . . , or as a claim that petitioner was denied the effective assistance of counsel because an actual conflict of interest adversely affected counsel's performance.

*Hines v. Miller*, 318 F.3d 157, 163 (2d. Cir. 2003); *see also Taylor v. Ohio*, No. 1:16CV483, 2017 U.S. Dist. LEXIS 80488, at *16 (N.D. Ohio Apr. 20, 2017) (noting that the Supreme Court has not addressed similar factual circumstances). A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1). When none of the Supreme Court's "cases confront 'the specific question presented by [a] case,' the state court's decision could not be 'contrary to' any holding of [the Supreme] Court." *Woods v. Donald*, 575 U.S. 312, 317 (2015) (citations omitted). Thus, the appellate court's conclusion that there was no presumption of prejudice cannot be considered contrary to Supreme Court precedent.

As such, Ortiz's argument relies—as it must—on the appellate court's application of Ohio law. However, "because the state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters." *Bennett v. Warden, Lebanon Corr. Inst.*, 782 F. Supp. 2d 466, 478 (S.D. Ohio 2010). The Court cannot then review whether the appellate court properly applied Ohio law. The Court must, therefore, defer to

the appellate court's determination that Ortiz's counsel was not presumed deficient due to an actual conflict under Ohio law and consider only whether he has met the normal *Strickland* standard.

Even assuming Ortiz could demonstrate that his counsel's representation fell below a reasonable standard, he cannot show prejudice. First, the court considered Ortiz's pro se motion despite the fact that it had already warned him that it would not consider pro se motions while he was represented by counsel. Ortiz, therefore, was heard on a motion he should not have even been able to make. Second, Ortiz did not meet his burden for withdrawing his guilty plea. Ohio's Criminal Rule 32.1 permits a defendant to withdraw a guilty plea before the sentencing hearing. Such a motion should be "freely and liberally granted." *Ohio v. Sow*, No. 17AP-772, 2018 WL 5014193, at *4 (Ohio Ct. App. Oct. 16, 2018). However, there is no right to withdraw a guilty plea and the defendant "must establish a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Ortiz did not meet this standard. At the guilty plea hearing, Ortiz stated that he committed the crime and was informed of all his rights. He even stated he was satisfied with his attorneys' representation. While, after pleading guilty, Ortiz stated that his counsel failed to interview certain witnesses, he also admitted that the public defender's investigator had been in contact with the defendant and the investigator met with witnesses. Ortiz was unable to provide the names of the witnesses he alleged the investigator failed to investigate and gave no evidence that the witnesses actually said what Ortiz alleged they would say. The trial court said it would reconsider the motion if Ortiz could provide affidavits from the witnesses. Ortiz did not and has not done so. Thus, Ortiz did not and has not established a reasonable and legitimate basis for the withdrawal of the guilty plea. He did not, therefore, meet his burden to show prejudice. Accordingly, Ortiz did not meet the Strickland standard and the appellate court's decision is not contrary to any Supreme Court precedent.

Additionally, Ortiz argues that he is owed a hearing on the merits. This claim, however, is not cognizable because a defendant's right to an evidentiary hearing on a motion to withdraw guilty plea is an issue of state law—there is no constitutional right to a hearing on a motion to withdraw a guilty plea. *See Nicholson v. Larose*, 2015 WL 1757898, at *3 (N.D. Ohio Apr. 17, 2015) (collecting cases). Thus, Ortiz's first ground for relief is partially without merit and partially not cognizable.

## B.      Ground Two: Trial Court's Consideration of the Motion to Withdraw Guilty Plea

In Ortiz's traverse, he included a new ground for relief. Ortiz asserts that the trial court erred when it failed to meaningfully consider his motion to withdraw his guilty plea. (ECF No. 12). Respondent did not respond to this argument as it was not presented in Ortiz's petition for habeas corpus. Rule 2(c)(1) of the Rules Governing Habeas Cases requires that the habeas petition "specify all grounds for relief available to the petitioner." Habeas R. 2(c)(1). Ortiz failed to follow this requirement. His second ground for relief is, therefore, not properly before this Court.

Moreover, even if Ortiz had properly brought this ground for relief, the Court would not consider its merits. The "doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted). Ortiz raised this issue before the court of appeals but failed to raise it before the Ohio Supreme Court. Because under Ohio S.Ct.Prac.R. 6.01(A) and Ohio Rev. Code. § 2953.21(A)(2), Ortiz can no longer bring this argument to state court, his argument is procedurally defaulted.[1] "A federal habeas court need not review a procedurally

---

[1] Ohio S.Ct.Prac.R. 6.01(A) provides 45 days to appeal from a final judgment. Ohio Rev. Code. § 2953.21(A)(2) allows 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment to petition for postconviction relief. Both dates have passed in this case

defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). Ortiz does not argue that he meets either of these standards and the Court finds no evidence that he does. Therefore, Ortiz's second ground for relief, raised for the first time in his traverse, is procedurally defaulted and the Court will not address the merits of the claim.

## VI.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.    Analysis

Ortiz's grounds for relief are without merit, not cognizable, or procedurally defaulted. If the Court accepts the foregoing recommendation, then Ortiz has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Ortiz a certificate of appealability.

## VII.    Recommendation

Ortiz has presented only meritless, not cognizable, or procedurally defaulted claims. Thus,

I recommend that the Court DENY Ortiz's petition and not grant him a certificate of appealability.

Dated: January 10, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).