# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ, | ) | CASE NO. 1:19-CV-01332 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN WANDA JACKSON, | ) | |
| | ) | ORDER ADOPTING REPORT |
| Respondent. | ) | AND RECOMMENDATION |
| | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Carmen E. Henderson. Petitioner, Anthony Ortiz ("Mr. Ortiz"), pro se filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 4, 2019. (ECF #1). Mr. Ortiz asserted one ground for relief in his petition. (ECF #1). Mr. Ortiz argued that when counsel's performance is the basis for a defendant's motion to withdraw his guilty plea, counsel cannot effectively represent the defendant in a proceeding related to the motion. (ECF #1). In his memorandum in support of his petition, Mr. Ortiz asserted a second ground for relief— that the trial court erred when it failed to meaningfully consider his motion to withdraw his guilty plea. (ECF #12).

On January 10, 2022, Magistrate Judge Henderson issued a Report and Recommendation. (ECF #14). She recommended that Mr. Ortiz's petition be DENIED. Magistrate Judge Henderson found that the first ground for relief was both without merit and not cognizable. She concluded that Mr. Ortiz failed to satisfy the two-prong test laid out in *Strickland v. Washington*, which required Mr. Ortiz to show that his counsel's performance was unconstitutionally deficient and that he was prejudiced by his counsel's performance. 466 U.S. 668, 688, 692 (1984).

Magistrate Judge Henderson found that Mr. Ortiz's counsel was not left with no choice but to "actively represent conflicting interests" in regard to Mr. Ortiz's motion to withdraw his guilty plea because the district court did not require his counsel to testify or instruct her to make any statements that contradicted Mr. Ortiz. *State v. Sanders*, 91 Ohio St.3d 245, 277 (2001) (stating that ineffectiveness is presumed when counsel actively represents conflicting interests). She also concluded that Mr. Ortiz could not rely on Supreme Court precedent regarding a presumption of prejudice in terms of his motion to withdraw his guilty plea because the Supreme Court has not addressed this issue. In addition, she found that Mr. Ortiz could not show prejudice because: (1) his pro se motion to withdraw his guilty plea was considered by the court despite a previous warning that the court would not hear pro se motions brought while he was represented by counsel, and (2) Mr. Ortiz did not "establish a reasonable and legitimate basis for the withdrawal of his plea." *Ohio v. Sow*, No. 17AP-722, 2018 WL 5014193, at *4 (Ohio Ct. App. Oct. 16, 2018).

In regard to Mr. Ortiz's second ground for relief, Magistrate Judge Henderson found that this ground was not properly before the Court because it was not presented in Mr. Ortiz's petition for habeas corpus as required by Rule 2(c)(1) of the Rules Governing § 2254 Cases, which states that a petition must "specify all grounds for relief available to the petitioner." In addition, Mr. Ortiz did not raise this issue before the Ohio Supreme Court and has not shown cause for his procedural default or provided evidence of actual prejudice that would result if the claim was not considered in his petition. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (stating that where a habeas petitioner has defaulted on a claim, federal habeas corpus review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice).

No objections were filed to the Magistrate Judge's Report and Recommendation. Federal Rule of Civil Procedure 72(b) addresses the standard of review when objections have been made to a magistrate judge's report but does not indicate the appropriate standard of review when no objections have been made. The Advisory Committee on Civil Rules has stated that "[w]hen no timely objection is filed, the court only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Gray v. Kelly*, No. 1:10CV1103, 2011 U.S. Dist. LEXIS 42157, at *9-10 (N.D. Ohio Apr. 19, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's notes). The Court has reviewed the record and the Report and Recommendation (ECF #14) and has found no error.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Ortiz has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

The Court has reviewed the Report and Recommendation and has considered all of the pleadings, motions, and filings of the parties. Magistrate Judge Henderson has correctly determined that Mr. Ortiz's petition be denied. Therefore, the Report and Recommendation (ECF #14) is hereby ADOPTED. Accordingly, Mr. Ortiz's petition is DENIED.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: March 10, 2022